## THE STATE v. THOMAS, ET AL. COMMISSIONERS OF APPEAL IN CASES OF TAXATION.

*Certiorari* directed to the Commissioners of Appeal.

If the Commissioners of Appeal meet at an improper time or place, the error is cured by the appellant's appearing before them, and not objecting to their jurisdiction on that ground.

A *Certiorari* brought to set aside an assessment of a tax, should be so directed as to bring up the assessment with the return. If sent to the Commissioners of Appeal, it is misdirected, and will be dismissed.

The assessor's demand of an account of taxable property, may be made at a place other than the owner's dwelling house, if he do not refuse *on that ground*, to render such account.

*Gifford,* for plaintiff in *Certiorari.*
*Frelinghuysen,* for defendants.

The object of this *Certiorari* was to set aside the assessment of a tax made on Mr. Ephraim Bolles of Newark, by the assessor of the East Ward of that place. Mr. Bolles having, as the assessor alleged, refused to render him an account of his taxable property, assessed upon him, the sum of $　being double the amount of what the assessor supposed his ratable estate would be taxed. From this assessment, Mr. Bolles appealed, and after hearing the evidence and considering the case, the Commissioners affirmed the assessment. The return made by the Commissioners to the *Certiorari,* simply states the fact of the appeal being brought before them, and that they, after an examination of the facts and consideration of the case, affirmed the assessment.

*Mr. Gifford,* for the plaintiff, read affidavits taken under a rule of this Court, and insisted, 1st. that application was not made by the assessor to Mr. Bolles, at a proper place ; it was made to him in a public office, where he was attending to business, instead of being made at his dwelling house, which was within a few rods of that office. 2dly. That the Commissioners of Appeal erred in not reducing the assessment ; and 3dly. That the said Commissioners did not meet at the place where by law they ought to have met.

*Mr. Frelinghuysen, contra.*

HORNBLOWER, C. J.　It appears by the affidavits that Mr.

Bolles was President of the Insurance Company, that the assessor called there to ascertain to whom the building occupied by the Company should be rated; but finding Mr. Bolles there, he took that opportunity to ask him for an account of his taxable property. Some unpleasant words passed between the parties, and Mr. Bolles refused to render any account, but did not put such refusal on the ground that the application ought to have been made at his dwelling house: we think, therefore, it was not incumbent on the assessor to make another demand of Mr. B. at his own house. The Commissioners of Appeal had this evidence before them, and we cannot say they committed any error in refusing to reduce the tax. But it is objected that the Commissioners met at an improper place. If they did so, the error was cured by the plaintiff appearing before them, and making no objection to their jurisdiction, on that ground; but it was his own tribunal, and he cannot complain that they met at a wrong time or place, unless he was prejudiced by their doing so. We think, however, the *Certiorari* was misdirected. We have nothing before us but the certificate of the Commissioners. The assessment itself is not he.e, and wh.ther right or wrong, we cannot adjudicate upon it. The *Certiorari* must be dismissed with costs.

FORD, WHITE, and DAYTON, Justices, concurred.
NEVIUS, Justice, absent.

*Certiorari dismissed with costs.*